Lloyd DAVIS, Petitioner–Appellant,

v.

John P. KEANE, Superintendent, Woodbourne Correctional Facili-ty, Respondent–Appellee.

Docket No. 01–2110.

United States Court of Appeals, Second Circuit.

Sept. 3, 2002.

Michael E. Lipson, C.J.A. Attorney, Garden City, NY, for Appellant.

Sachin Pandya, Assistant Solicitor General of the State of New York, New York, NY, for Appellee.

Present McLAUGHLIN, F.I. PARKER, Circuit Judges, and SESSIONS III,

District Judge.*

## SUMMARY ORDER

Appeal from the United States District Court for the Eastern District of New York (Frederic Block, *Judge* ).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AF-FIRMED.

Petitioner-appellant Lloyd Davis appeals from the January 4, 2001 Memorandum and Order of the United States District Court for the Eastern District of New York (Frederic Block, *Judge* ), denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Davis argues that during the proceedings leading to his conviction he was deprived of his rights to due process and effective assistance of counsel.

Davis was convicted in 1995 of robbery and possession of stolen property. Davis contends that under *Pate v. Robinson,* 383 U.S. 375, 378, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), the state trial court was required by due process principles to order *sua sponte* a competency hearing when, after the jury returned its guilty verdict, the court received two pre-sentence reports from 1984 and 1986 that were attached to the 1995 pre-sentencing report. According to Davis, these two older reports raised reasonable concerns about his competency to stand trial in 1995 because they revealed that he had a history of mental impairment and an I.Q. of 55. Davis argues that his refusal to accept a plea agreement provided another ground to question his present ability to understand the proceedings against him and to participate in his defense. *See Drope v. Missouri,* 420 U.S. 162, 171, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975).

Davis also asserts that his trial counsel was ineffective because he did not move for a competency hearing once he became aware of the contents of the old pre-sentence reports and did not attempt to negate the element of intent by presenting evidence to the jury of Davis's incompetence.

Davis does not claim that there were any other indications of incompetence that came to the attention of the trial court or his counsel, such as "irrational behavior, his demeanor at trial, [or] any prior medical opinion on competence to stand trial." *Drope,* 420 U.S. at 180.

■ Davis's arguments are unpersuasive. No clearly established Federal law as determined by the Supreme Court, 28 U.S.C. § 2254(d)(1), indicates that Davis's low I.Q. and history of mental impairment alone required the trial court *sua sponte* to order a competency hearing. *Cf., e.g., Atkins v. Virginia,* —— U.S. ——, —— ——, 122 S.Ct. 2242, 2250–51, 153 L.Ed.2d 335, —— – —— (2002) ("Mentally retarded persons frequently know the difference between right and wrong and are competent to stand trial. . . . Their deficiencies do not warrant an exemption from criminal sanctions . . . ."). Neither the 1984 or 1986 pre-sentence reports, despite detailing Davis's educational background and mental impairments, concluded that he was incompetent. The 1986 report in fact confirmed that Davis appeared at the time to understand the Court process. Joint Appendix at 30. Nor is there any basis to conclude that Davis's rejection of the plea agreement should have triggered a competency hearing.

■ For the same reasons stated above, Davis's counsel did not act unreasonably when he did not move for a competency

---

* The Honorable William K. Sessions III, of the United States District Court for the District of Vermont, sitting by designation.

hearing after learning of the two old pre-sentence reports and after Davis rejected the plea agreement. Nor was he ineffective for failing to attempt to negate intent by presenting evidence of Davis's alleged incompetence to the jury. First, the two pre-sentence reports at issue did not come to counsel's attention until after the jury returned its verdict. Second, the state court's conclusion that Davis "enjoyed meaningful representation at all stages of the trial," *People v. Davis*, 241 A.D.2d 499, 661 N.Y.S.2d 521 (2nd Dep't 1997), implicitly included the finding that Davis's trial counsel conducted a reasonable pre-trial investigation with regard to Davis's mental capacities. This conclusion was not contrary to or an unreasonable application of Supreme Court precedent.

We have considered all of Davis's arguments and find them to be without merit.

For the reasons set forth above, the judgment of the district court is AFFIRMED.